FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| DR. JAMES ALBERT MCALEER & LINDA MCALEER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>DEEP ROOT ANALYTICS, LLC, a Virginia limited liability company,<br><br>Defendant. | Case No.: 6:17-CV-1142-ORL-18-TBS |

**CLASS ACTION COMPLAINT, REQUEST FOR
INJUNCTIVE RELIEF, AND DEMAND FOR JURY TRIAL**

Plaintiffs brings this Class Action Complaint against Deep Root Analytics ("Deep Root"), a Virginia limited liability company, on behalf of themselves and all others similarly situated, and allege, upon personal knowledge and their counsel's investigations, and upon information and belief as to all other matters, as follows:

**NATURE OF ACTION**

1. Plaintiffs bring this class action against Deep Root for failing to secure and safeguard the public's personally identifiable information ("PII") such as names, addresses, email addresses, telephone numbers, dates of birth, reddit.com browsing history, and voter ID number, which Deep Root collected from many sources, including the Republican National Committee ("RNC") (collectively, "Private Information"), and for failing to provide timely, accurate, and adequate notice to Plaintiffs and other Class members that their Private Information had been stolen and was and is still vulnerable; and for failing to provide timely, accurate and adequate notice of precisely what specific types of Private Information were stolen.

2. This is not a case in which nefarious hackers "breached the mainframe" and stole sensitive information. This is a case in which Deep Root, the custodian of the Private Information of *nearly 200 million Americans* put that Private Information online without a password.

## JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. § 1332, for diversity jurisdiction. The amount in controversy exceeds $5,000,000, and at least two Class Plaintiffs—namely, Dr. James Albert McAleer and Linda McAleer (the "McAleers")—are citizens of Florida, while Deep Root is a citizen of Virginia.

4. This Court has personal jurisdiction over Deep Root because it collected data from Florida residents. In particular, according to the initial report on the breach, the database contained information for the 2016 election only for Florida and Ohio.

5. Venue is proper in the Middle District of Florida because the harm described below occurred in this jurisdiction.

## PARTIES

6. Plaintiffs, the McAleers, are Florida citizens, currently living at 264 Spring Run Circle, Longwood, Florida 32779. Their data was stolen from Deep Root.

7. Class Plaintiffs are defined *infra*.

8. Deep Root is a Virginia limited liability company, duly organized under the laws of Virginia, with its principal place of business at 1600 Wilson Blvd., Suite 330, Arlington, Virginia 22209.

## FACTUAL BACKGROUND

9. To win in politics, it is vital to understand the target constituency. Today, it is easier than ever to do so due to the sheer amount of information citizens knowingly and unknowingly disseminate about themselves to the Internet.

10. Therefore, in anticipation of the 2016 U.S. election cycle, the RNC employed Deep Root as a data analytics contractor.

11. In this capacity, Deep Root collected the sensitive Private Information of over 198 million U.S. citizens to analyze a voter's proclivities, such as where the voter might fall on issues like gun ownership and abortion.

12. Though Deep Root has only existed since 2013, it had access to information the RNC's other data analytics contractors had collected for the 2008 and 2012 elections.

13. Despite the sensitivity of the information it curated, Deep Root stored the Private Information on a cloud server, as discovered by UpGuard cyber risk analyst Chris Vickey (the "UpGuard Report"). *See* Dan O'Sullivan, *The RNC Files: Inside the Largest US Voter Data Leak*, UPGUARD (June 19, 2017), https://www.upguard.com/breaches/the-rnc-files, attached to this Complaint as Exhibit A.

14. The Private Information was not even password protected.

15. Therefore, during early June, anyone in the world could take the Private Information. It is unknown at this time how many breaches occurred. (Collectively, the "Data Breach").

16. The Data Breach is the largest leak of U.S. voter data in history. *See* Ex. A.

17. Deep Root's goal in collecting the Private Information in the first place was to assemble a complete political profile of nearly every American voter. As such, the Private

Information includes not only raw data, but also includes personal information about each American's beliefs. *See* Ex. A.

18.  Since the Data Breach, Deep Root has taken "full responsibility" for it and has only now decided to "update the access settings and put protocols in place to prevent further access." *See* Deli Cameron & Kate Conger, *GOP Data Firm Accidentally Leaks Personal Details of Nearly 200 Million American Voters*, GIZMODO (June 19, 2017, 8:00 AM), http://gizmodo.com/gop-data-firm-accidentally-leaks-personal-details-of-ne-1796211612.

19.  Despite this information being publicly available, without password protection, for an indeterminate amount of time, Deep Root only publicly commented on it after the release of the UpGuard Report.

20.  The President of the United States is on record as denouncing these sorts of breaches as "gross negligence": "*Gross negligence* by the Democratic National Committee allowed hacking to take place. The Republican National Committee had a strong defense!" Donald J. Trump (@realDonaldTrump) (Jan. 6, 2017, 7:53 PM), https://twitter.com/realDonaldTrump/status/817579925771341825. Apparently, they did not.

### Class Action Allegations

21.  **Class definitions.**  Plaintiffs seek relief in their individual capacity and as representatives of all others who are similarly situated. Pursuant to Fed. R. Civ. P. 23(a), (b)(2), (b)(3), and (c)(4), Plaintiffs seek certification of a Nationwide class and a Florida class. The **Nationwide class** is initially defined as follows: All persons residing in the United States whose Private Information was disclosed in the Data Breach affecting Deep Root in 2017 (the "Nationwide Class"). The **Florida class** is defined as all persons residing in Florida whose

Private Information was disclosed in the Data Breach affecting Deep Root in 2017 (the "Florida Class").

22. **Class exclusions.** Excluded from each of the above Classes are Deep Root, including any entity in which Deep Root has a controlling interest, is a parent or subsidiary, or which is controlled by Deep Root, as well as the officers, directors, affiliates, legal representatives, heirs, predecessors, successors, and assigns of Deep Root. Also excluded are the judges and court personnel in this case and any members of their immediate families.

23. **Numerosity.** Pursuant to Fed. R. Civ. P. 23(a)(1), the members of each Class are so numerous that the joinder of all members is impractical. While the exact number of Class members is unknown to Plaintiffs at this time, the UpGuard Report suggests it is over 198 million—roughly 86.5% of the U.S. population over the age of 18.

24. **Commonality.** Pursuant to Fed. R. Civ. P. 23(a)(2) and (b)(3), there are questions of law and fact common to the Classes, which predominate over any questions affecting only individual Class members. These common questions of law and fact include, without limitation:

   a. How many documented breaches actually occurred;

   b. The type of information available from the cloud server;

   c. Whether Deep Root failed to implement reasonable security procedures and practices;

   d. Whether Deep Root negligently mishandled the data of over 198 million voters by, among other things, storing the Private Information on a cloud server without password protection;

    e. Which security procedures and which data-breach notification procedure should Deep Root be required to implement as part of any injunctive relief ordered by the Court;

    f. As to the Florida class, whether Deep Root violated Florida's privacy laws in connections with the actions described herein;

    g. Whether Deep Root acted negligently in delaying or failing to inform Plaintiffs and the Class Members of the Data Breach;

    h. Whether Deep Root's conduct was unfair, deceptive, or unconscionable;

    i. What the nature of the relief should be, including equitable relief, to which Plaintiffs and the Class Members are entitled.

    j. Whether Plaintiffs and the Class Members have sustained monetary loss and the proper measure of that loss; and

    k. Whether Plaintiff and the Class Members have sustained consequential loss and, if so, to what measure.

25. **Ascertainability.** All members of the proposed classes are readily ascertainable. Deep Root has a copy of the Private Information for all members of both classes.

26. **Typicality.** Pursuant to Fed. R. Civ. P. 23(a)(3), Plaintiffs' claims are typical of those of other Class members because Plaintiffs' Private Information, like that of every other class member, was misused or disclosed through Deep Root's negligent handling of it.

27. **Adequacy of Representation.** Pursuant to Fed. R. Civ. P. 23(a)(4), Plaintiffs will fairly and adequately represent and protect the interests of the members of the Class. Plaintiffs' Counsel are competent and experienced in litigation class actions, including privacy litigation.

28.     **Superiority of Class Action.** Pursuant to Fed. R. Civ. P. 23(b)(3), a class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all the members of the Class is impracticable. Further, the adjudication of this controversy through a class action will avoid the possibility of inconsistent and potentially conflicting adjudication of the asserted claims. There will be no difficulty in the management of this action as a class action.

29.     Damages for any individual class member are likely insufficient to justify the cost of individual litigation so that, in the absence of class treatment, Deep Root's violations of law inflicting substantial damages in the aggregate would go un-remedied.

30.     Class certification is also appropriate under Fed. R. Civ. P. 23(a)) and (b)(2) because Deep Root has acted or has refused to act on grounds generally applicable to the Class, so that final injunctive relief or corresponding declaratory relief is appropriate as to the class as a whole.

### COUNT I: Negligence
(on behalf of Plaintiffs and the Nationwide Class)

31.     Plaintiffs incorporate and re-allege paragraphs 1–30.

32.     Upon accepting and storing Plaintiffs and Class Members' Private Information in their respective computer database systems, Deep Root undertook and owed a duty to Plaintiffs and Class Members to exercise reasonable care to secure and safeguard that information and to utilize commercially reasonable methods to do so. Deep Root knew that the Private Information was private and confidential and would be protected accordingly.

33.     The law imposed an affirmative duty on Deep Root to timely discover and disclose the unauthorized access and theft of the Private Information to Plaintiffs and the Class

so that Plaintiffs and Class Members could take appropriate measures to mitigate damages, protect against adverse consequences, and thwart future misuse of their Private Information.

34. At the very least, the law imposed an affirmative duty for Deep Root to, at a minimal level of protection, *put a password* on such sensitive Private Information.

35. Deep Root breached its duty to discover and to notify Plaintiffs and Class Members of the unauthorized access and public availability of the Private Information to Plaintiffs and the Class Members until the third-party UpGuard Report uncovered the public availability of the cloud server. To date, Deep Root has not provided sufficient information to Plaintiffs and the Class Members regarding the extent of unauthorized access and continues to breach its disclosure obligations to Plaintiffs and the Class.

36. Deep Root also breached its duty to Plaintiffs and the Class Members to adequately protect and safeguard this information by knowingly disregarding standard information security principles (such as password protection), despite obvious risks, and by allowing unmonitored and unrestricted access to unsecured Private Information. Furthering its dilatory practices, Deep Root failed to provide adequate supervision and oversight of the Private Information in its collection, in spite of the known risk and foreseeable likelihood of breach and misuse, which permitted a third party to gather Plaintiffs' and Class Members' Private Information, misuse the Private Information, and intentionally disclose it to others without consent.

37. Through Deep Root's acts and omissions described in this Complaint, including Deep Root's failure to provide adequate security and its failure to protect Plaintiffs' and Class Members' Private Information from being foreseeably captured, accessed, disseminated, stolen, and misused, Deep Root unlawfully breached its duty to use reasonable care to adequately

protect and secure Plaintiffs' and Class Members' Private Information during the time it was within Deep Root's possession or control.

38. Further, through its failure to timely discover and provide clear notification of the Data Breach to consumers, Deep Root prevented Plaintiffs and Class Members from taking meaningful, proactive steps to secure their Private Information.

39. Upon information and belief, Deep Root improperly and inadequately safeguarded the Private Information of Plaintiff and Class Members in deviation from standard industry rules, regulation, and practices at the time of the Data Breach.

40. Deep Root's failure to take proper security measures to protect Plaintiffs' and Class Members' sensitive Private Information, as described in this Complaint, created conditions conducive to a foreseeable, intentional criminal act, namely the unauthorized access of Plaintiffs' and Class Members' Private Information.

41. Deep Root's conduct was grossly negligent (*see* Trump, *supra*) and departed from all reasonable standards of care, including, but not limited to: failing to adequately protect the Private Information; failing to conduct adequate regular security audits; failing to provide adequate and appropriate supervision of persons having access to Plaintiffs' and Class Members' Private Information; and failing to provide Plaintiff and Class Members with timely and sufficient notice that their sensitive Private Information had been compromised.

42. Neither Plaintiffs nor the other Class Members contributed to the Data Breach and subsequent misuse of their Private Information.

43. At least one third party has accessed the Private Information stored on Deep Root's cloud server.

44. As a direct and proximate cause of Deep Root's conduct, Plaintiffs and the Class Members suffered damages including, but not limited to: damages from identity theft, which may take months, if not years, to discover and detect, given the far-reaching adverse and detrimental consequences of identity theft and loss of privacy.

45. To whatever extent that no actual identity theft has yet occurred to Plaintiffs or a given Class Member, the disclosure of the Private Information creates an objectively reasonable likelihood that such an injury will occur. Deep Root's negligence in handling the Private Information has caused an increased risk of future harm to Plaintiffs and the Class Members, as well as a loss of privacy.

WHEREFORE, Plaintiffs, individually and on behalf of all members of the Nationwide class, respectfully request this Court render an order granting Plaintiffs and the Class:

A. actual damages in the amount to be determined at trial, but considerably more than $5,000,000, to compensate them for the loss caused by the wrongful disclosure of their Private Information and Deep Root's failure to notify or to protect the Private Information;

B. injunctive relief requiring Deep Root to secure the Private Information in accordance with contemporary cybersecurity standards;

C. exemplary and punitive damages; and

D. Plaintiffs' reasonable attorneys' fees.

### COUNT II: Negligence Per Se
(on behalf of Plaintiffs and the Florida class)

46. Plaintiffs incorporate and re-allege paragraphs 1–45.

47. Deep Root is a covered entity within the meaning of the Florida Information Protection Act of 2013 (FIPA), Fla. Stat. § 501.171, because it acquires, maintains, stores, and

uses personal information, including, but not limited to, the Private Information and the voter ID numbers contained therein. *See* Sullivan, *supra* ¶ 13 (including StateVoterID as a parameter assigned to each potential voter).

48.  FIPA requires covered entities to "take reasonable measures to protect and secure data in electronic form containing personal information" and to timely notify any individual whose personal information was stolen as a result of a data breach.

49.  Deep Root's failure to timely notify Plaintiffs and the Florida class that their Private Information was available online violated FIPA. To date, Deep Root has not sent Plaintiffs the notice required by Fla. Stat. § 501.171(4)(d).

50.  Deep Root's failure to adequately safeguard Plaintiffs and the Florida class's data, even by password protecting it, violated FIPA.

51.  As a direct and proximate cause of Deep Root's conduct, Plaintiffs and the Class Members suffered damages including, but not limited to: damages from identity theft, which may take months, if not years, to discovery and detect, given the far-reaching adverse and detrimental consequences of identity theft; an increased risk of future harm to Plaintiffs and the Class Members; and loss of privacy.

52.  To whatever extent that no actual identity theft has yet occurred to Plaintiffs or a given Class Member, the disclosure of the Private Information creates an objectively reasonable likelihood that such an injury will occur.

WHEREFORE, Plaintiffs, individually and on behalf of all members of the Florida class, respectfully request this Court render an order granting Plaintiffs and the Class:

A.  actual damages in the amount to be determined at trial, but considerably more than $5,000,000, to compensate them for the loss caused by the wrongful

disclosure of their Private Information and Deep Root's failure to notify or to protect the Private Information;

B. injunctive relief requiring Deep Root to secure the Private Information in accordance with contemporary cybersecurity standards;

C. exemplary and punitive damages; and

D. Plaintiffs' reasonable attorneys' fees.

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted this 20th day of June, 2017.

/s/ David S. Oliver   *Trace Jackson*
David S. Oliver                    *Attr. of*
Florida Bar No. 521922             *record*
Primary Email Address:
david.oliver@gray-robinson.com
Secondary Email Address:
donna.flynn@gray-robinson.com
Jason A. Zimmerman
Florida Bar No. 104392
Primary Email Address:
jason.zimmerman@gray-robinson.com
Secondary Email Address:
christine.persampiere@gray-robinson.com
Trace H. Jackson
Florida Bar No. 125693
Primary Email Address:
trace.jackson@gray-robinson.com
GrayRobinson, P.A.
301 East Pine Street, Suite 1400 (32801)
P.O. Box 3068
Orlando, Florida 32802
Telephone: (407) 843-8880
Facsimile: (407) 244-5690